## MARTIN *v*. HORNOR.

## Opinion delivered July 1, 1907.

NUISANCE—RELIEF BY INJUNCTION.—Persons seeking the aid of equity to restrain a public nuisance must show some special injury peculiar to themselves, aside from the general injury to the public.

Appeal from Phillips Chancery Court; *Edward D. Robertson*, Chancellor; reversed.

*Edwin Bevens, W. G. Dinning* and *Campbell & Stevenson*, for appellants.

1. If the complaint was designed to allege that the street fair was a public nuisance, injunction was not the remedy, and the court had no jurisdiction to grant it. 81 Ark. 117.

2. The demurrer should have been sustained because it does not appear that the plaintiffs were entitled to maintain the suit. There is no allegation of special damages, nor that as individuals they would suffer an irremediable injury differing from that of the general public. 40 Ark. 87; 50 Ark. 466; 41 Ark. 526; 65 Ark. 410; 3 Allen (Mass.) 501; 54 Cal. 532; 53 Cal. 403; 17 Conn. 372; 36 Am. Dec. 502; 21 Conn. 313; 135 Ala. 552; 9 How. 28; Martin's Ch. Dec. 401-2. Also because it does not appear that the ordinary legal remedies were inadequate to perfect the rights of the plaintiffs. 15 Am. & Eng. Enc of L. (2 Ed.), 492, 501-2; 29 Ark. 58; 47 Ark. 551; 47 Ark. 431; 50 Ark. 53; 3 N. J. Eq. 136; 13 *Id*. 420; 18 *Id*. 410; 20 *Id*. 530; 22 *Id*. 430; 24 *Id*. 89; 147 U. S. 248; 141 N. Y. 232.

RIDDICK, J. This is an appeal by the mayor, chief of police and members of the city council of Helena, and the C. V. Parker Amusement Co., from a judgment of the chancery court restraining them from using the streets of the city for the purpose of holding a street fair. The plaintiffs are residents, citizens and taxpayers of the city, and seek to enjoin the use of the streets in that way on the ground that the obstruction of the streets for the purpose of holding a street fair of the kind contemplated would be a nuisance. But while the allegations in the complaint show that the contemplated street fair would have been a public nuisance, yet it is not shown that the plain-

tiffs would have suffered any special injury on account of the fair.

"No principle of the law of injunction," says Mr. High, "is more clearly established than that private persons, seeking the aid of equity to restrain a public nuisance, must show some special injury peculiar to themselves, aside from and independent of the general injury to the public. And, in the absence of such special and peculiar injury sustained by a private citizen, he will be denied an injunction, leaving the injury to be redressed by information or other suitable proceeding" by the Attorney General, prosecuting attorney or other officer whose duty it is to prosecute such offenders. 1 High on Injunctions (4th Ed.), § 762, and cases cited; State v. Vaughan, 81 Ark. 117.

For the reasons stated we are of the opinion that the demurrer to the complaint should have been sustained. Judgment reversed and cause remanded with an order to sustain the demurrer, but with leave for plaintiffs to amend so as to show special injury.